UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
FAITH MILLER-SETHI,

                              Plaintiff,

  vs.                                                              21-CV-08591 (JPO)

CITY UNIVERSITY OF NEW YORK, DANI MCBETH,
NANCY SOHLER and ERICA FRIEDMAN,

                              Defendants.
------------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, NY 10005
(212) 416-6286

Jaclyn D. Saffir
Assistant Attorney General
Of Counsel

**TABLE OF CONTENTS**

Page (s)

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 1

    I.    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR EMPLOYMENT DISCRIMINATION AGAINST CUNY UNDER TITLE VII ................................... 1

        a.    The only adverse employment action against Plaintiff was her non-reappointment ................................................................................................ 1

        b.    Plaintiff has not alleged a plausible inference of discrimination in connection with her non-reappointment ................................................................... 3

    II.    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM AGAINST CUNY FOR RETALIATION UNDER TITLE VII ................................................................ 5

    III.    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM AGAINST CUNY FOR HOSTILE WORK ENVIRONMENT UNDER TITLE VII. ......................................... 6

    IV.    PLAINTIFF FAILS TO STATE A CLAIM OF DISCRIMINATION OR RETALIATION AGAINST CUNY UNDER TITLE VI ............................................. 8

    V.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS ................................................................................................ 9

    VI.    PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS MUST BE DISMISSED ........ 10

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ajoku v. N.Y.S. O.T.D.A.*,
  2020 WL 886160 (Sup. Ct. N.Y. County Feb. 20, 2020) .......................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................3

*Assoc. Against Discrimination in Emp., Inc. v. City of Bridgeport*,
  647 F.2d 256 (2d Cir. 1981) ...................................................................................................8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................3

*Bertoldi v. State of N.Y.*,
  275 A.D.2d 227 (1st Dep't 2000) .........................................................................................11

*Bhanusali v. Orange Reg'l Med. Ctr.*,
  No. 10 Civ. 6694(CS), 2013 WL 4828657 (S.D.N.Y. Aug. 12, 2013) ...................................3

*Brandon v. City of New York*,
  705 F. Supp. 2d 261 (S.D.N.Y. 2010) ..................................................................................11

*Brown v. Coach Stores, Inc.*,
  163 F.3d 706 (2d Cir. 1998) ...................................................................................................7

*Brown v. Daikin America Inc.*
  756 F.3d 219 (2d. Cir. 2014) ..................................................................................................4

*Burlington N. & Santa Fe Ry. Co. v. White*,
  548 U.S. 53 (2006) ..................................................................................................................5

*Caulfield v. Bd. Of Ed. City of New York*,
  486 F. Supp. 862 (E.D.N.Y. 1979), *aff'd*, 632 F.2d 999 (2d Cir. 1980) ..............................8, 9

*Davis-Bell v. Columbia Univ.*,
  851 F. Supp. 2d 650 (S.D.N.Y. 2012) ....................................................................................8

*DeWitt v. Lieberman*,
  48 F. Supp. 2d 280 (S.D.N.Y.1999) .....................................................................................10

*Duplan v. City of New York*,
  888 F.3d 612 (2d Cir. 2018) ...................................................................................................9

*Edwards v. Elmhurst Hosp. Ctr.*,
   08 CV 3686 (LB), 2010 WL 11623370 (E.D.N.Y. Sept. 21, 2010) ......................................... 7

*Fincher v. Depository Trust & Clearing Corp.*,
   604 F.3d 712 (2d Cir. 2010) .................................................................................................. 5

*Henry v. NYC Health & Hosp. Corp.*,
   18 F. Supp. 3d 396 (S.D.N.Y. 2014) ............................................................................. 1, 2, 3

*Hill v. Rayboy Brauestein*,
   467 F. Supp. 2d 336 (S.D.N.Y. 2006) .................................................................................. 3

*Hoag v. Fallsburg Cent. Sch. Dist.*,
   279 F. Supp. 3d 465 (S.D.N.Y. 2017) .................................................................................. 6

*Langlois v. Hartford Bd. of Educ.*,
   831 F. App'x 548 (2d Cir. 2020) .......................................................................................... 7

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015) .................................................................................................. 6

*M.M. v. N.Y.C. Dep't of Educ.*,
   No. 09-CV-5236, 2010 WL 2985477 (S.D.N.Y. July 27, 2010) ........................................ 11

*Milione v. City Univ. of N.Y.*,
   950 F. Supp. 2d 704 (S.D.N.Y. 2013) .................................................................................. 8

*Mtr. of Med. Express Ambulance Corp. v. Kirkland*,
   79 A.D.3d 886 (2d Dep't 2010) .......................................................................................... 10

*N.Y.S. Court Clerks Assoc. v. Unified Court System of the State of N.Y.*,
   25 F. Supp. 3d 459 (S.D.N.Y. 2014) .................................................................................. 11

*Novak v. Waterfront Com'n of N.Y. Harbor*,
   928 F. Supp. 2d 723 (S.D.N.Y. 2013) .................................................................................. 3

*Risco v. McHugh*,
   868 F. Supp. 2d 75 (S.D.N.Y. 2012) .................................................................................... 5

*Rojas v. Roman Catholic Diocese of Rochester*,
   660 F.3d 98 (2d Cir. 2011) .................................................................................................... 5

*Sanders v. N.Y.C. Hum. Res. Admin.*,
   361 F.3d 749 (2d Cir. 2004) .................................................................................................. 2

*Schallop v. N.Y. State Dept. of Law*,
   20 F. Supp. 2d 384 (N.D.N.Y. 1998) .................................................................................... 9

*Schwapp v. Town of Avon*,
 118 F.3d 106 (2d Cir. 1997) ................................................................................................... 8

*Siani v. State Univ. of N.Y. at Farmingdale*,
 7 F. Supp. 3d 304 (E.D.N.Y 2014) ......................................................................................... 9

*Smith v. St. Luke's Roosevelt Hosp.*,
 08-cv-4710, 2009 WL 2447754 (S.D.N.Y. Aug. 11, 2009), *report and
 recommendation adopted*, 2009 WL 2878093 (S.D.N.Y. Sept. 2, 2009) ................................ 2

*Soloviev v. Goldstein*,
 104 F. Supp. 3d 232 (E.D.N.Y. 2015) ................................................................................... 11

*State Emps. Bargaining Agent Coal. v. Rowland*,
 494 F.3d 71 (2d Cir. 2007) ...................................................................................................... 9

*Trachtenberg v. Dep't of Educ. of City of New York*,
 937 F. Supp. 2d 460 (S.D.N.Y. 2013) ................................................................................. 2, 4

*United States v. Jefferson Cnty. Bd. of Educ.*,
 372 F.2d 836 (5th Cir. 1966) , *on reh'g*, 380 F.2d 385 (5th Cir. 1967) ................................... 9

*Weeks v. New York Div. of Parole*,
 273 F.3d 76 (2d Cir. 2001), *abrogated on other grounds by Nat'l R.R.
 Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ................................................................. 2

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. XI .................................................................................................................. 11

**STATE STATUTES**

N.Y. Exec. Law
 § 290 *et seq.*, ............................................................................................................... 9, 10, 11
 § 296(6) ................................................................................................................................. 10

**FEDERAL STATUTES**

42 U.S.C.
 § 1981 ................................................................................................................................ 9, 10
 § 1983 ................................................................................................................................ 9, 10
 § 2000d, *et seq* .................................................................................................................... 8, 9
 § 2000d-3 ................................................................................................................................ 8
 § 2000e, *et seq.*, .............................................................................................................. passim

**LOCAL AUTHORITIES**

New York City Administrative Code § 8-107 ................................................................... 10, 11, 12

Defendants[1] respectfully submit[2] this reply memorandum of law in further support of their motion to dismiss Plaintiff's Amended Complaint.[3]

## PRELIMINARY STATEMENT

Plaintiff's Opposition fails to rescue her discrimination, retaliation and hostile work environment claims from dismissal. No matter how she dresses them up, the factual allegations in the Amended Complaint are that Plaintiff had a dispute with a student; an Individual Defendant told her "you don't know Long Island"; she was not given the autonomy she expected in a faculty position; and, after documented performance issues, she was not reappointed by the Executive Faculty Committee of the CUNY School of Medicine. These allegations are insufficient to state any claim. Accordingly, for the reasons set forth in Defendants' moving papers, which Plaintiff has failed to refute, and as further described herein, Defendants' motion to dismiss should be granted and the Amended Complaint should be dismissed in its entirety.

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR EMPLOYMENT DISCRIMINATION AGAINST CUNY UNDER TITLE VII.

*a. The only adverse employment action against Plaintiff was her non-reappointment.*

There is no legal basis for finding that CUNY took an adverse employment action against Plaintiff besides her non-reappointment. Plaintiff acknowledges that an adverse employment action must cause "a materially adverse change in the terms and conditions of employment[,]"

---

[1] The defined terms set forth in Defendants' moving memorandum will also be used herein.

[2] Pursuant to Individual Rule 2(b), Defendants respectfully seek leave, *nunc pro tunc*, to submit this 12-page reply memorandum of law in further support of Defendants' Motion to Dismiss the Amended Complaint. On June 9, 2022, Defendants requested the Court's leave for two additional pages by letter motion (Dkt. No. 43), and indicated Plaintiff's consent to this request by supplemental letter motion this afternoon (Dkt. No. 44).

[3] As cited herein, "Plaintiff's Opposition" or "Opp." will refer to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Complaint (Dkt. No. 40), and "Mem." will refer to Memorandum of Law in Support of Defendants' Motion to Dismiss Amended Complaint (Dkt. No. 39).

1

Opp. at 7, citing *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 404 (S.D.N.Y. 2014), but fails to argue that any other alleged action by Defendants satisfies that standard. Plaintiff lacks even a single legal citation supporting her claim that Defendants took adverse employment actions against her besides her non-reappointment. *See* Opp. at 9-10.[4]

Plaintiff reasserts, for example, that her "negative performance review" was an adverse employment action, without addressing—as argued in Defendants' moving papers—that even something more severe, such as a notice of discipline, does not suffice to constitute an adverse employment action. Mem. at 11, citing *cf. Weeks v. New York Div. of Parole*, 273 F.3d 76, 86 (2d Cir. 2001) (holding that a "notice of discipline" and a "counseling memo" by themselves were insufficient, as a matter of law, to constitute adverse employment action), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108–14 (2002). Plaintiff's purported "demotion," which changed her job duties but did not change her wage, salary, or benefits (Mem. at 11), does not constitute an adverse employment action just because the change in job duties was unwanted. *See Henry*, 18 F. Supp. 3d at 406 (holding an unwanted change in job duties unaccompanied by material detriment is a "mere inconvenience," not a "materially adverse change in the terms and conditions of employment"), citing *Sanders v. N.Y.C. Hum. Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004). Similarly, the alleged denial of professional training opportunities can only constitute an adverse employment action "where an employee can show

---

[4] Plaintiff's only substantive legal citation in this subsection argues that whether an allegation sufficiently pleads an adverse employment action is a "necessarily 'fact-specific determination [that] cannot be resolved on a motion to dismiss[.]'" Opp. at 9, citing *Smith v. St. Luke's Roosevelt Hosp.*, 08-cv-4710, 2009 WL 2447754, at * 23-24 (S.D.N.Y. Aug. 11, 2009), *report and recommendation adopted*, 2009 WL 2878093 (S.D.N.Y. Sept. 2, 2009). The language quoted by Plaintiff does not appear in the cited case, which—contrary to the proposition for which Plaintiff cites it—does indeed resolve whether conduct alleged by plaintiff therein constitutes an adverse employment action at the motion to dismiss phase. Specifically, the Court found that requiring plaintiff to "do receipts" constituted an adverse employment action because plaintiff alleged it "was a comparatively poor assignment and was outside his job description[.]" *Smith*, 2009 WL 2447754 at * 23-24. That finding does nothing to help Plaintiff here because neither the Amended Complaint nor Plaintiff's Opposition mention the scope of her job description.

'material harm' from the denial, 'such as a failure to promote or a loss of career advancement opportunities.'" *Trachtenberg v. Dep't of Educ. of City of New York*, 937 F. Supp. 2d 460, 468 (S.D.N.Y. 2013), citing *Hill v. Rayboy Brauestein,* 467 F. Supp. 2d 336, 352 (S.D.N.Y. 2006); *see Novak v. Waterfront Com'n of N.Y. Harbor,* 928 F. Supp. 2d 723, 731 (S.D.N.Y. 2013). Plaintiff does not allege any "material harm" resulted from Defendants' supposed denial of funding to attend professional development conferences (Opp. at 9); accordingly, this, too, fails to constitute an adverse employment action.[5]

> **b. Plaintiff has not alleged a plausible inference of discrimination in connection with her non-reappointment.**

Plaintiff's assertion that "on multiple instances … she was treated differently than similarly situated people" (Opp. at 10) does not suffice to raise a plausible inference of discrimination in connection with her non-reappointment (or any other alleged adverse action). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Aside from one tenured faculty member – with whom, by definition, she was not similarly situated – Plaintiff has failed to identify *even a single person* with whom she alleges she is similarly situated. Instead, she asks the Court to compare her to an unidentified group of "colleagues," Opp. at 10-11, without describing "who these people are, what their responsibilities were, how their workplace conduct compared to [Plaintiff's], or how they were treated." *Henry*, 18 F. Supp. 3d at 408. "Without factual amplification, the generic allegation of disparate treatment related to an unspecified class of Caucasian persons is simply not sufficient to 'nudge [her] claims across the line from conceivable to plausible,' and thus is insufficient to support her racial discrimination claim." *Id.*,

---

[5] Indeed, because Plaintiff's employment with CUNY was for one-year appointments and for no more than seven years total, with no possibility of tenure (Am. Compl. ¶ 26), professional development could not have provided Plaintiff promotion or career advancement opportunities.

quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Bhanusali v. Orange Reg'l Med. Ctr.*, No. 10 Civ. 6694(CS), 2013 WL 4828657, at *5 (S.D.N.Y. Aug. 12, 2013) (dismissing disparate treatment claim on the ground that "Plaintiffs' general allegations that misconduct by 'younger and/or white physicians' went without peer review or discipline ... are wholly conclusory, do not specify the individuals involved or the nature of their alleged misconduct, and are thus insufficient to render plausible the inference of discriminatory intent").

The cases cited in Plaintiff's Opposition, Opp. at 11-12, fail to rescue her claim. In *Brown v. Daikin America Inc.*, the plaintiff formerly worked in a group of six employees: three white Americans and three Japanese citizens. 756 F.3d 219, 223-24 (2d. Cir. 2014). After all three white American employees were terminated or transferred, the Second Circuit found that the plaintiff did not need to plead facts about the Japanese employees' "job function, experience, qualifications, [or] rate of pay[]" because they worked in the same group and reported to the same supervisor. *Id.* at 230. Here, Plaintiff fails to allege that any of the unidentified white colleagues were in her department or had the same supervisor. In *Trachtenberg v. Dept. of Educ. of City of New York*, the Court found that plaintiff "*barely*[] pled sufficient facts to give rise to an inference of discrimination" where she alleged she was compared unfavorably to one specific teacher, identified five specific teachers in their 50's and 60's targeted for discipline, and identified four specific teachers in their 20's and 30's who did not face the same degree of scrutiny as their older colleagues. 937 F. Supp. 2d at 471 (emphasis added). If those allegations barely suffice to give rise to a plausible inference of discrimination, Plaintiff has utterly failed to do so in identifying only one "white colleague" she alleges is similarly situated.[6] Because Plaintiff has failed to show

---

[6] As argued in Defendants' motion papers—and unrefuted in Plaintiff's opposition—Plaintiff comparing herself to Dr. Lubetkin is insufficient to support a minimal inference of discrimination because Dr. Lubetkin was a tenured professor with 21 years' experience in the department and because, as described in the Amended Complaint, the two did not engage in comparable conduct. Mem. at 13 n.3. Thus, Plaintiff and Dr. Lubetkin are not similarly situated.

4

that her non-reappointment occurred under circumstances giving rise to an inference of discrimination, her discrimination claims under Title VII in Count 1 must be dismissed.

**II.  PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM AGAINST CUNY FOR RETALIATION UNDER TITLE VII.**

Besides her non-reappointment, Plaintiff still fails to allege any materially adverse employment action underlying a retaliation claim. Plaintiff's allegations of "escalated administrative demands [and] scrutiny of her performance" that would discourage a similarly situated employee from complaining of discrimination (Opp. at 18) are not materially adverse employment actions because anti-retaliation law protects individuals from "retaliation that produces an injury or harm." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010), citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). For the same reason, it is not a materially adverse employment action if Defendants revoked Plaintiff's authority over AP's grade. Opp. at 17-18. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington*, 548 U.S. at 68.

Moreover, Plaintiff fails to provide any causal link between her alleged protected activity and her non-reappointment in March 2020 (or any other alleged adverse action). Am. Compl. ¶ 160. Given the Second Circuit's two-month window to determine whether the temporal connection between the protected activity and alleged retaliation is sufficiently close or too attenuated, Mem. at 18, none of Plaintiff's complaints before January 2020 are close enough to her non-reappointment to demonstrate causation. The only complaint Plaintiff describes in that time period was about the allegedly "voluminous, disingenuous and inaccurate statements" by Dr. Sohler in the January 13th Letter. Am. Compl. ¶ 138. But Plaintiff's complaints about the accuracy of her supervisor's evaluation does not constitute protected activity. *See Risco v. McHugh*, 868 F. Supp.

5

2d 75, 110 (S.D.N.Y. 2012) ("But generalized complaints about a supervisor's treatment are insufficient"); *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (affirming district court's holding that plaintiff failed to state a prima facie case of retaliation because generalized complaint was not protected activity).

Even if her January 2020 complaint qualifies as protected activity, Plaintiff's retaliation claim still must be dismissed because, as demonstrated in Defendants' moving papers, she fails to allege that she would have been reappointed "but-for" the alleged retaliation. Mem. at 19-20.

### III. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM AGAINST CUNY FOR HOSTILE WORK ENVIRONMENT UNDER TITLE VII.

Plaintiff has not alleged plausible facts to support her claim of a hostile work environment. Plaintiff alleges she was "the target of a campaign of harassment by a student" identified as "AP" whom she feared, instigated a flurry of false complaints against Plaintiff, and was racially hostile towards Plaintiff in their interactions, and that "Defendants' failure to remedy AP's disruptive and aggressive actions … is sufficient to plead a claim for a hostile work environment." Opp. at 13-14. The Amended Complaint, however, entirely fails to allege that AP's conduct created a hostile work environment in the first place. Plaintiff alleges that AP was dismissed from one, and refused other, Community Site placements (Am. Compl. ¶¶ 56-58); complained to Dr. McBeth about her placement (*id*. ¶ 60); and, after mistakenly attending Plaintiff's course when she was unenrolled, went to Dr. McBeth's office in tears and told him that Plaintiff had publicly embarrassed her (*id*. ¶ 70). A hostile work environment claim based on student-on-teacher harassment requires Plaintiff to first show that a hostile environment existed. *Hoag v. Fallsburg Cent. Sch. Dist.*, 279 F. Supp. 3d 465, 481 (S.D.N.Y. 2017). Plaintiff alleges she was "afraid of AP, her ability to manipulate the truth and the out-sized influence AP's discriminatory animus had" and "fear[ed] for her safety[,]" Am. Compl. ¶ 67, but subjectively perceiving a hostile or abusive environment is insufficient to

state a hostile work environment claim. *See Littlejohn v. City of New York*, 795 F.3d 297, 320-21 (2d Cir. 2015) (the complained of conduct must be objectively severe or pervasive enough that a reasonable person would find it hostile and abusive). For the same reason, students submitting feedback including "racially-coded critiques" calling Plaintiff "inarticulate" (Opp. at 15) does not suffice to create an objectively hostile work environment. Thus, to the extent Plaintiff seeks to hold Defendants liable for their alleged "failure to remedy" AP's conduct, any such claim must fail because Plaintiff does not establish that AP created a hostile work environment in the first place.

The Amended Complaint similarly fails to allege that Defendants themselves created a hostile work environment. Plaintiff's allegations that Defendants assigned her administrative tasks (Am. Compl. ¶ 161), requested "tedious and redundant reporting" (*id.* ¶ 114), or did not provide her the "normal and expected autonomy inherent in any faculty position" (*id.* ¶ 38) are insufficient to constitute a hostile work environment. *See Edwards v. Elmhurst Hosp. Ctr.*, 08 CV 3686 (RRM)(LB), 2010 WL 11623370, at *11 (E.D.N.Y. Sept. 21, 2010) ("[A]s a matter of law, micromanagement is not sufficiently severe to constitute a hostile work environment.").

Plaintiff's hostile work environment claim must also be dismissed because she provides no basis for finding that the allegedly hostile work environment was related to her race. Plaintiff claims that Dr. McBeth saying "you don't know Long Island" to her was "racially coded." Opp. at 14. Even if this comment were racially coded, it is far below the threshold of what creates a hostile work environment. *See Langlois v. Hartford Bd. of Educ.*, 831 F. App'x 548, 552 (2d Cir. 2020) (Principal's comments that "students should have teachers that look like them" and "white teachers … are not competent to teach our students" do not establish a hostile work environment), citing *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 713 (2d Cir. 1998) ("Although the alleged

7

comments are despicable and offensive, they fail to constitute discriminatory behavior that is sufficiently severe or pervasive to cause a hostile work environment."). Moreover, in order for even "racist comments, slurs, and jokes to be actionable as a hostile work environment, there generally 'must be more than a few isolated incidents of racial enmity.'" *Davis-Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 673 (S.D.N.Y. 2012), quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). Because Plaintiff has failed to offer facts showing a severe or pervasive hostile work environment, or that the environment was racially motivated, Count 2 of the Amended Complaint must be dismissed.

### IV. PLAINTIFF FAILS TO STATE A CLAIM OF DISCRIMINATION OR RETALIATION AGAINST CUNY UNDER TITLE VI.

Plaintiff ignores that Title VI does not apply to claims involving an employment practice of any employer "except where a primary objective of the federal financial assistance is to provide employment." 42 U.S.C. § 2000d-3. Although Plaintiff's Opposition asserts that "she is the intended beneficiary of … federal aid awarded to CUNY" (Opp. at 19), Plaintiff provides absolutely no basis for this claim.[7] Even if she did, Plaintiff fails to allege—as required—that any federal funds received by CUNY are "*aimed primarily at providing employment*." *Milione v. City Univ. of N.Y.*, 950 F. Supp. 2d 704, 709 (S.D.N.Y. 2013) (emphasis in original) quoting *Assoc. Against Discrimination in Emp., Inc. v. City of Bridgeport*, 647 F.2d 256, 276 (2d Cir. 1981).

Plaintiff claims that Title VI applies, even when federal funding is not aimed primarily at providing employment, when the conduct complained of "infects the beneficiaries' entitlement of the recipient's services." Opp. at 19, citing *Caulfield v. Bd. Of Ed. City of New York*, 486 F. Supp. 862, 876 (E.D.N.Y. 1979), *aff'd*, 632 F.2d 999 (2d Cir. 1980). But *Caulfield* noted that the

---

[7] Plaintiff claims she "expressly allege[d] that she is the intended beneficiary of the undisputed federal aid awarded to CUNY," Opp. at 19, citing Am. Compl. ¶¶ 15, 193. Neither of those paragraphs allege—or provide any basis for concluding—that Plaintiff is the intended beneficiary of CUNY's federal aid.

objective of federal funding need not be addressed "under the circumstances of this case" which alleged systemic discriminatory hiring practices in the New York City school system that "provide[d] minority schools with less experienced, lower salaried teachers who have completed fewer graduate courses" and "had the effect of denying minority students equal educational opportunity." *Id*., at 879-80. Plaintiff has no basis for alleging that her claims "infect" anyone's entitlement to services. In any event, the *Caulfield* court reiterated that "Congress did not, of course, intend to provide (in Title VI) a forum for the relief of individual teachers who might be discriminatorily discharged." *Id*. at 880, quoting *United States v. Jefferson Cnty. Bd. of Educ*., 372 F.2d 836, 883 (5th Cir. 1966), *on reh'g*, 380 F.2d 385 (5th Cir. 1967). Yet that is exactly what Plaintiff is trying to do in this case. Accordingly, Plaintiff's Title VI claims must be dismissed.

V. **PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.**

Plaintiff's § 1981, § 1983 and NYSHRL claims are defective for the same reasons as her Title VII claims, as described in Defendants' moving memorandum and herein. Mem. at 25.

Plaintiff's § 1981 claims are also defective because § 1981 "does not provide a separate private right of action against state actors." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). Plaintiff nevertheless argues that her § 1981 claims against the Individual Defendants are not barred to the extent she requests "injunctive relief against the Individual Defendants in their official capacity[.]" Opp. at 21.  While a plaintiff may sue a state official acting in his official capacity for prospective, injunctive relief from ongoing violations of federal law, *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007), that exception to sovereign immunity "only authorizes suit against officials with the authority to provide the requested relief." *Siani v. State Univ. of N.Y. at Farmingdale*, 7 F. Supp. 3d 304, 317 (E.D.N.Y 2014), citing *Schallop v. N.Y. State Dept. of Law*, 20 F. Supp. 2d 384, 391 (N.D.N.Y. 1998). Although Plaintiff seeks

9

injunctive relief restoring her position and job duties, she fails to allege that any Individual Defendant has the authority to reappoint her. She also fails to allege any violation of federal law for the reasons previously discussed herein and in Defendants' moving papers. Accordingly, Plaintiff's § 1981 claims in Counts 7 through 9 must be dismissed.

As argued in Defendants' Memorandum, Plaintiff's claims against the Individual Defendants must also be dismissed because Plaintiff fails to allege any non-conclusory facts showing that the Individual Defendants were personally involved in any materially adverse actions, or that they acted with retaliatory or discriminatory motives. Mem. at 26-27, 30. Plaintiff alleges that the Individual Defendants were on the Executive Faculty Committee ("EFC") that terminated her and asserts that "[s]uch allegations are sufficient to state claims against the Individual Defendants under Section 1983." Opp. at 22. The only case Plaintiff cites, however, is one finding—as Plaintiff describes it—that there is "no individual liability in the absence of allegations … that any of the Individual Defendants took part in the adverse employment decisions." *Id*. Plaintiff's claim that the Individual Defendants were on the EFC does not establish they took part in the EFC's determination not to reappointment her. Because Plaintiff does not allege the Individual Defendants took part in any adverse employment decisions, Counts 7, 9, 10, 12, 13, 15, 16 and 18 must be dismissed in their entirety.

### VI. PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS MUST BE DISMISSED.

Plaintiff asserts that the Individual Defendants may be liable as aiders and abettors of conduct giving rise to a violation under both NYSHRL and NYCHRL. Opp. at 22-24. She is wrong on each count.

The Court cannot find the Individual Defendants liable under NYSHRL as aiders and abettors because liability under N.Y. Exec. Law § 296(6) as an "aider and abettor" requires "that

liability . . . first be established as to the employer/principal[.]" *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 293 (S.D.N.Y.1999) (citation omitted). *See also Mtr. of Med. Express Ambulance Corp. v. Kirkland*, 79 A.D.3d 886, 888 (2d Dep't 2010) (dismissing NYSHRL claim against individual defendant because "there was no cognizable legal basis for holding [the employer] liable thereunder"). The Individual Defendants cannot be sued under the NYSHRL as "aiders and abettors" because CUNY has not been and cannot be sued under the NYSHRL in this action. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015) ("[A]s Plaintiffs . . . cannot state a claim against CUNY under NYSHRL . . . because the claims are barred by the Eleventh Amendment, Plaintiffs also cannot state a claim against the Individual CUNY Defendants in their individual capacities as aiders and abettors.").

New York State's sovereign immunity also bars Plaintiff's NYCHRL claims against the Individual Defendants, which are all based on actions taken in their capacities as State employees. Mem. at 28, citing *Bertoldi v. State of N.Y.*, 275 A.D.2d 227 (1st Dep't 2000) ("Claims seeking money damages which arise out of actions and determinations made by State officials acting in their official roles are, in essence, actions against the State for the State is the real party in interest."); *Ajoku v. N.Y.S. O.T.D.A.*, 2020 WL 886160, at *4 (Sup. Ct. N.Y. County Feb. 20, 2020) ("Plaintiff argues that [NYCHRL claims] survive to the extent that they are premised upon the individual defendants' personal acts as opposed to the actions undertaken in her official capacity. Here, the complaint is devoid of any acts outside the individual defendant's official roles of hiring, supervising, and terminating plaintiff. Therefore, this argument fails.").[8]

---

[8] In Section IV(b), entitled "Plaintiff's New York City Human Rights Law Claims," Plaintiff's Opposition provides the standards for aiding and abetting and then asserts, "[a]ccordingly, as descried [*sic*] supra, the Individual Defendants are not immune from liability under the CHRL…." Opp. at 24. But Plaintiff entirely fails to discuss why her NYCHRL claims, even against Individual Defendants as aiders and abettors, are not barred by New York's sovereign immunity. This constitutes an abandonment of Plaintiff's NYCHRL claims, which "provides an independent basis for dismissal" of those claims. *N.Y.S. Court Clerks Assoc. v. Unified Court System of the State of N.Y.*, 25 F. Supp. 3d 459, 469 (S.D.N.Y. 2014) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 268

11

Even if Plaintiff's NYCHRL claims were not barred by sovereign immunity, Plaintiff fails to satisfy the standards for stating a claim thereunder. As shown in Defendants' moving memorandum, because Plaintiff has provided no basis to form an inference of discriminatory motive for the reasons set forth above, her NYCHRL discrimination claim must be dismissed. Mem. at 28-29. Because Plaintiff has failed to satisfy the causation prong in the Title VII analysis set forth above, her retaliation claim under NYCHRL must be dismissed. *Id*. at 29. Because Plaintiff has failed to show that any of the complained of conduct was caused by discriminatory motive for the reasons set forth above, her NYCHRL hostile work environment claim must be dismissed. *Id*. at 29-30.

## **CONCLUSION**

For the foregoing reasons, and those set forth in their moving brief, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, and grant such other and further relief as it deems to be just and proper.

Dated: New York, New York
       June 10, 2022

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants CUNY, Dani McBeth, Nancy Sohler and Erica Friedman*

By: _____
Jaclyn D. Saffir
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6286
Jaclyn.Saffir@ag.ny.gov

---

(S.D.N.Y. 2010)). *See also M.M. v. N.Y.C. Dep't of Educ.*, No. 09-CV-5236, 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010) (citing authority that "plaintiff's failure to respond to two out of three of defendant's arguments for dismissal of claim constitutes abandonment of the claim and calls for dismissal as matter of law").