UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAITH MILLER-SETHI,

<div style="margin-left:2em">Plaintiff,</div>

<div style="margin-left:1em">v.</div>

The CITY UNIVERSITY OF NEW YORK,
DANI MCBETH, NANCY SOHLER and
ERICA FRIEDMAN,

<div style="margin-left:6em">Defendants.</div>

**STIPULATION OF
SETTLEMENT, GENERAL
RELEASE, AND ORDER OF
DISMISSAL**

21-CV-8591 (JPO)

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL

("Settlement Agreement") made by and between Plaintiff Faith Miller-Sethi ("Plaintiff") and Defendant

The City University of New York (the "University" or "CUNY").[1] (together, "the Parties") as of

September 30, 2024.

WHEREAS, Plaintiff commenced the above-captioned action by filing a Verified Complaint on

or about October 18, 2021 (ECF No. 1), and thereafter filed a Verified Amended Complaint on or about

April 7, 2022 (ECF No. 11), alleging claims against CUNY pursuant to Titles VI and VII of the Civil

Rights Act of 1964, as well as claims against defendants Dani McBeth, Nancy Sohler, and Erica

Friedman pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, the New York State Human Rights Law, and

the New York City Human Rights Law; and

WHEREAS, The claims and allegations in the above-captioned action, together with all related

filings and proceedings, constitute "this Action"; and

WHEREAS, By Opinion and Order dated January 26, 2023 (ECF No. 50), the Court dismissed

the following claims pursuant to Fed. R. Civ. P. 12(b)(6): (i) all claims against CUNY under Title VI of

---

[1]    Any reference to CUNY or the University in this Settlement Agreement includes all agencies,
schools, centers, departments, and subdivisions thereof, including but not limited to The City College of
New York ("City College") and the CUNY School of Medicine (the "Medical School").

the Civil Rights Act of 1964; (ii) all claims against Dani McBeth; and (iii) all claims against Nancy

Sohler and Erica Friedman (hereinafter, the "Individual Defendants") under 42 U.S.C. § 1981, the New

York State Human Rights Law, and the New York City Human Rights Law; and

WHEREAS, the University is not aware of any claims it may have against Plaintiff at this time,

including but not limited to claims of breach of contract.

WHEREAS, the University and the Individual Defendants expressly deny any wrongful conduct

or liability, or violation of any federal, state, or local statute, ordinance, or law in this Action whatsoever;

and

WHEREAS, The Parties desire to fully resolve the claims between them and any and all other

disputes, whether known or unknown, without further litigation or proceedings before any court or other

agency, and without admission of fault or liability; and

WHEREAS, No party hereto is an infant or incompetent person for whom a committee has been

appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter

of this Action.

NOW THEREFORE, In consideration of the mutual promises, covenants, representations and

other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and

the Court orders, as follows:

1.    **Dismissal of this Action with Prejudice.** This Action, and all claims asserted therein,

are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments,

attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 3 of

this Settlement Agreement.

2.    **Dismissal of this Action Against the Individual Defendants.** Simultaneously with the

execution of this Settlement Agreement, counsel for Plaintiff shall execute and deliver to counsel for

CUNY, a Stipulation and Order in the form annexed hereto as Exhibit 1 (the "Stipulation and Order of

Dismissal as Against the Individual Defendants"), dismissing this Action and all claims asserted therein against the Individual Defendants, in their individual and official capacities pursuant to Fed. R. Civ. P. 41(a)(2), with prejudice, and without payments, attorneys' fees, costs, disbursements, or expenses to any of these parties as against the other.

   3. **Payments to Plaintiff and Plaintiff's Attorney.** For and in consideration of Plaintiff's execution of this Settlement Agreement, her agreement to be bound by its terms, and her undertakings as set forth herein, including, but not limited to, the dismissal of this Action with prejudice, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 8 and 10 herein, the State of New York on behalf of the University, shall pay to Plaintiff and Plaintiff's attorneys the gross sum of ONE HUNDRED EIGHTY-FIVE THOUSAND DOLLARS ($185,000.00), for which the Office of the New York State Comptroller shall issue any and all appropriate United States Internal Revenue tax forms, in full and complete satisfaction of: (i) any and all claims, allegations, or causes of action for compensatory damages (including but not limited to, pain and suffering, and mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in this Action; and (ii) any and all claims for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have at any time represented or assisted Plaintiff in this Action, as well as in connection with any other proceeding, whether administrative, judicial, or otherwise, including but not limited to any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions that were or could have been asserted in this Action. The foregoing payment shall be made by check payable to Zoë E. Jasper, Jasper & Jasper, PLLC, and mailed to Zoë E. Jasper, Jasper & Jasper, PLLC, 17 State Street, Suite 4000, New York, NY 10004.

4.    **Withdrawal of Union Grievance.** Simultaneously upon the execution of this Settlement Agreement, Plaintiff shall execute and deliver to counsel for CUNY the letter annexed hereto as Exhibit 2, which instructs the Professional Staff Congress/CUNY to discontinue with prejudice the demand for arbitration filed on behalf of Plaintiff, dated April 30, 2021 (AAA Case No. 01-21-0003-7148) (the "Arbitration Demand"). Plaintiff also agrees to execute any other necessary documents to withdraw the Arbitration Demand, with copies of all withdrawal documents to be sent to the Office of the Senior Vice Chancellor for Legal Affairs and General Counsel of CUNY. Plaintiff acknowledges and understands that written withdrawal of the Arbitration Demands is a prerequisite to payment of the settlement amount referenced in Paragraph 3, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 5 and 6 of this Settlement Agreement.

5.    **State Approval of Payments.** Payment of the amount(s) specified in Paragraph 3 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but limited to, Plaintiff's Affirmation of Medicare Eligibility Status as set forth in Paragraph 9 of this Settlement Agreement

6.    **Accrual of Interest.** In the event that payment of the amount(s) specified in Paragraph 3 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the New York State Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 4, 5 and 9 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the OAG of all documentation required under Paragraphs 4, 5, and 9 of this Settlement Agreement.

7.    **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment(s) specified in Paragraph 3 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against CUNY or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, trustees, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless CUNY and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, trustees, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

8.    **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment(s) specified in Paragraph 3 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against CUNY or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, trustees, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that she will defend, indemnify,

and hold harmless CUNY and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, trustees, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

9.    **Medicare Certification.** Plaintiff represents and warrants that she is not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on her behalf by Medicare, and further that she does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Eligibility Status in the form annexed hereto as Exhibit 3 ("Medicare Affirmation") to the OAG. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the OAG, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 3 herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 4, 5, and 6 of this Settlement Agreement.

10.    **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to defend, indemnify, and hold harmless CUNY and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, trustees, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with this Action. If conditional or future anticipated Medicare payments have not been satisfied, CUNY and the State of New York reserve the right to issue a multi-

party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount(s) specified in Paragraph 3 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 4, 5, 6, and 9, payment of the settlement amount(s) specified in Paragraph 3 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

      **11.**    <u>**General Release.**</u> For and in consideration of the payment of the settlement amount(s) referenced in Paragraph 3 of this Settlement Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges CUNY, the Individual Defendants, and the State of New York, together with their present and former agencies, centers, schools (including but not limited to City College and the Medical School), departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants and Dani McBeth), directors, trustees, members, agents, attorneys, insurers, heirs and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, grievances pursuant to any applicable collective bargaining agreement, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in this Action, or arising directly or indirectly from Plaintiff's employment or association with any of the Released Parties, including any and all claims under 42 U.S.C. §§ 1981-1988; Title VI of the Civil Rights Act of 1964, 42

U.S.C. § 2000d *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*; N.Y. Labor Law §§ 194, 740, and 741; N.Y. Civ. Serv. Law § 75-b; the United States Constitution; the New York State Constitution; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. This General Release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, and/or a local commission on human rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

Plaintiff acknowledges and confirms that, as of the end of her employment on August 25, 2020, she has received all compensation from CUNY and the State of New York to which she is entitled, and, except as may be provided for in this Agreement, no additional compensation is due and owing.

Plaintiff is not waiving or releasing any nonwaivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Plaintiff is also not waiving or releasing any claims under New York Military Law; any claims under N.Y. Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this General Release prohibits Plaintiff from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential

employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

12. **No Other Action or Proceeding.** Other than this Action, and the Union Grievance referenced in Paragraph 4, Plaintiff represents that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on her own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

13. **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in this Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

14. **No Other Attorneys.** Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in this Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

15. **No Prevailing Party.** Neither Plaintiff nor any Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to this Action.

16. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this Action or as constituting any admission of wrongdoing or liability on the part of CUNY, the

Individual Defendants, or the State of New York (including, but not limited to, any and all present and former agencies, centers, schools, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, trustees, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of CUNY or the State of New York (including, but not limited to, any and all present and former agencies, centers, schools, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, trustees, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

17.    **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in this Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop CUNY, the Individual Defendants, or the State of New York (including, but not limited to, any and all present and former agencies, centers, schools, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, trustees, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

18.    **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

19.    **Voluntary Agreement.** Plaintiff represents that she has carefully read and fully understands all provisions of this Settlement Agreement, including the General Release, and has had the

benefit of counsel. Plaintiff represents that she has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

20.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

21.    **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

22.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement among the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

23.    **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 11 of this Settlement Agreement.

24.    **Severability.** With the exception of Paragraphs 1, 5, 9, 11, and 15 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent

jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

    25.   **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

    26.   **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

    27.   **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

    WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: New York , New York

October 1ˢᵗ, 2024


_Faith Miller-Sethi_
Faith Miller-Sethi, *Plaintiff*


STATE OF NEW YORK      )
                              ) ss.:
COUNTY OF New York     )

On the 1ˢᵗ day of October, 2024, before me personally came and appeared Faith Miller- Sethi , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_William Rivers_
NOTARY PUBLIC



WILLIAM RIVERS I
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RI0014367
Qualified in Bronx County
Certificate Filed in New York County
My Commission Expires 10-10-2027

Page **12** of 24

Dated:  New York, New York
October _1_, 2024

JASPER & JASPER, PLLC
*Attorney for Plaintiff*


By: _____
ZOË E. JASPER
17 State Street, Suite 4000
New York, NY 10004
Tel: (212) 634-9949
zoe@jasperpllc.com


Dated: New York, New York
September 30, 2024

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*


By: _____
MATTHEW J. LAWSON
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8733
matthew.lawson@ag.ny.gov


SO ORDERED:

Dated:_ October 15, 2024 _
New York, New York


_____
J. PAUL OETKEN
United States District Judge

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAITH MILLER-SETHI,

                        Plaintiff,

              v.                                              21-CV-8591 (JPO)

CITY UNIVERSITY OF NEW YORK,
DANI MCBETH, NANCY SOHLER and
ERICA FRIEDMAN,

                        Defendants.

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED, AGREED and ORDERED by and between the undersigned

attorneys for the parties herein that, pursuant to Fed. R. Civ. P. 41(a)(2), the above- captioned action

and all claims asserted against Defendants Nancy Sohler and Erica Friedman in the above-captioned

action are voluntarily dismissed with prejudice and without payments, attorneys' fees, costs,

disbursements, or expenses to any of these parties as against the other.

Dated:  October __, 2024                          Dated:  October __, 2024

JASPER & JASPER, PLLC                      LETITIA JAMES
*Attorney for Plaintiff*                          Attorney General
                                                  State of New York
                                                  *Attorney for Defendants*


By: _____              By: _____
ZOË E. JASPER                                     MATTHEW J. LAWSON
17 State Street, Suite 4000                       Assistant Attorney General
New York, NY 10004                                28 Liberty Street
Tel: (212) 634-9949                               New York, NY 10005
zoe@jasperpllc.com                                Tel: (212) 416-8733
                                                  matthew.lawson@ag.ny.gov

SO ORDERED:

Dated:_____
New York, New York


_____
The Honorable J. Paul Oetken
United States District Judge

# Exhibit 2

Faith Miller-Sethi

_____

New York, New York _____

_____, 2024

Anais Surkin,
Interim Executive Director
Professional Staff Congress/CUNY
25 Broadway, 15th Floor
New York, New York 10004
asurkin@pscmail.org

Dear Ms. Surkin:

  I write to inform you that I have settled the lawsuit I filed in the United States District Court for the Southern District of New York titled, *Miller-Sethi v. CUNY, et al.*, No. 21-CV-8591. As a condition of settlement, I have agreed that the demand for arbitration dated April 30, 2021 (AAA Case No. 01-21-0003-7148) filed by the Professional Staff Congress/CUNY on my behalf should promptly be withdrawn with prejudice, and I hereby request that you promptly effectuate that withdrawal, and that all further action in connection with that demand for arbitration or any other grievances that the Professional Staff Congress/CUNY has filed on my behalf be discontinued. My voluntary withdrawal of this demand for arbitration is conditioned upon State approval of the settlement terms entered into in *Miller-Sethi v. CUNY, et al.,* No. 21-CV-8591. In the event such terms are not ultimately approved by the State, I reserve my right to rescind my voluntary withdrawal of these claims and request that the Arbitration Demands be reinstated as if never withdrawn.

Very truly yours,

Faith Miller-Sethi

cc: Stephanie Crowder
Legal Assistant
Professional Staff Congress/CUNY
25 Broadway, 15th Floor
New York, New York 10004
scrowder@pscmail.org

Lucrèce François, Esq.
Associate General Counsel
Office of the General Counsel & Senior Vice Chancellor for Legal Affairs
The City University of New York
205 East 42nd Street, 11th Floor
New York, New York 10017
lucrece.francois@cuny.edu

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAITH MILLER-SETHI,

                              Plaintiff,

            v.

CITY UNIVERSITY OF NEW YORK,
DANI MCBETH, NANCY SOHLER and
ERICA FRIEDMAN,

                              Defendants.

**AFFIRMATION OF MEDICARE
ELIGIBILITY STATUS**

21-CV-8591 (JPO)

Faith Miller-Sethi hereby affirms the following, pursuant to N.Y. C.P.L.R. 2106:

1.     I am the Plaintiff in the above-captioned action ("this Action").

2.     I submit this affirmation on personal knowledge as the Plaintiff. I am aware that it will be relied upon by the Office of the Attorney General ("OAG") in connection with the settlement of or the judgment in this Action as it relates to the OAG's obligations concerning Medicare compliance pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.     I understand that a query has been or will be made pursuant to Section 111 of the MMSEA, 42 U.S.C. § 1395y(b)(8), to verify my Medicare status due to the injuries alleged in this Action.

4.     I acknowledge and understand that pursuant to the MMSEA and MSP and as mandated by the U.S. Centers for Medicare and Medicaid Services rules and regulations, I am, as the Plaintiff, required to:

        a.     reimburse Medicare from the proceeds of the settlement or judgment in this Action for conditional payments Medicare has made for treatment of my injuries alleged in this Action; and

        b.     use the settlement or judgment proceeds in this Action to pay for my future medical expenses, when those expenses are for care or treatment related to the injuries alleged in this Action.

5.     I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the MMSEA as deemed necessary and/or required by the OAG.

6.     I agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the MMSEA and MSP.

## PEDIGREE INFORMATION

✒ *Please provide the noted personal background information.* ✒

7.   I have been known by the following names (including any and all alias names and former names:_____. I hereby acknowledge that I can be identified by these names and that all these names are indeed referring to me.

8.   I consent to OAG verifying my Medicare status for purposes of OAG's compliance with Section 111 of the MMSEA.

9.   I affirm that:
   a.   My social security number is: _____
   b.   My date of birth is: _____
   c.   My gender is: _____
   d.   My address is: _____
   e.   My telephone number is: _____

## CURRENT MEDICARE STATUS

✒ *Please initial next to the statements below that apply to your current Medicare eligibility status.* ✒

10.   As of the effective date of the settlement or judgment in this Action:

   a.   _____  I am not currently receiving, nor have I ever received, Medicare coverage and/or benefits, including coverage or benefits under Medicare Part A (Hospital Insurance), Part B (Medical Insurance), Part C (Medicare Advantage), and Part D (Prescription Drug Coverage).

### -OR-

11.   As of the effective date of the settlement or judgment in this Action:

   a.   _____ I am a Medicare beneficiary. My Medicare number is _____. I am aware of my obligation to reimburse Medicare, including any Medicare Part C and Part D Plans for payments and/or benefits that I received directly or indirectly from Medicare for medical treatment of expenses for injuries that were alleged in this Action. I understand that reimbursement directly to Medicare may be made from the proceeds I receive from the settlement or judgment in this Action; and

      i.   _____ Medicare (Part A and Part B) has confirmed that no payment is due and owing from the proceeds of the settlement or judgment in this Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter.**

      ii.   _____ Medicare (Part C and Part D), if applicable, have confirmed that no payment is due and owing from the proceeds of the settlement or the judgment in this Action. **Attached is a copy of the Medicare Lien Letter.**

      iii.   _____ Medicare (Part A and Part B) has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date.

In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the proceeds of the settlement or the judgment in this Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter.**

iv. _____ Medicare (Part C and Part D) have confirmed that it will accept the total amount of $_____ (for Medicare Part C) and $_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made to date under Medicare Part C and Medicare Part D. In accordance with the attached Medicare Lien Letter(s), I consent to the payment of these sums in a total of $_____ directly from the proceeds of the settlement or the judgment in this Action in reimbursement to the provider(s) of my Medicare Part C and Part D benefits. **Attached is a copy of the Medicare Lien Letter.**

v. _____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter from Medicare. Upon receipt, I will promptly provide it to the assigned AAG and to OAG's Medicare Compliance Officer by email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement or judgment in this Action prior to OAG's receipt of all necessary documentation from me issued by Medicare. In accordance with the Medicare Conditional Payment Letter and/or Final Demand Letter, I consent to the payment, directly from the proceeds of the settlement or judgment in this Action, of the sum stated in the Medicare Conditional Payment Letter and/or Final Demand Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

### FUTURE MEDICARE STATUS
✏ ***Please initial next to the statements below that apply to your future Medicare status.*** ✏

12.    As of the effective date of the settlement or judgment in this Action:

a.    _____ I am not Medicare eligible and have no reasonable expectation of becoming Medicare eligible within 30 months of the effective settlement or judgment date in this Action because:

i.    _____ I have not applied for social security disability (SSDI);
ii.    _____ I have not been denied SSDI and anticipating appealing that decision;
iii.    _____ I am not in the process of appealing or re-filing for SSDI;
iv.    _____ I am not 62.5 years or older; and
v.    _____ I do not have End Stage Renal Disease (a qualifying condition for Medicare).

**-OR-**

13.    As of the effective date of the settlement or judgment in this Action:

a.    _____ I am not a Medicare beneficiary and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective settlement or judgment date in this Action because I do not reasonably expect my current incarceration to end within 30 months.

**-OR-**

14.     As of the effective date of the settlement or judgment in this Action:

    a.     _____ I am not a Medicare beneficiary. **However**, I do anticipate that I will become a Medicare beneficiary within 30 months of the effective settlement or judgment date in this Action; and

        i.     _____ I do **not** require any future treatment for injuries that are alleged in this Action. The required attached physician certification confirms that there is no anticipated future treatment required for the injuries alleged in this Action. **Attached is a copy of the Physician Certification.**

**-OR-**

        ii.     _____ I do require future treatment for the injuries that are the subject of this Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the proceeds of the settlement or judgment in this Action. I affirm this sum will be used for my future medical expenses relating to the injuries alleged in this Action. **Attached is a copy of the MSA Trust.**

**-OR-**

        iii.     _____ I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the alleged injuries. Furthermore, I do not anticipate seeking medical treatment for the injuries alleged in this Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement or judgment in this Action to pay for any medical expenses relating to such injuries.

15.     As of the effective date of the settlement or judgment in this Action:

    a.     _____ I am a Medicare beneficiary; and

        i.     _____ I do not require any future treatment for injuries that are alleged in this Action. The required attached physician certification confirms that no anticipated future treatment is required for the injuries that are alleged in this Action. **Attached is a copy of the Physician Certification.**

**-OR-**

        ii.     _____ I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in this Action. I affirm this sum will be used for my future medical expenses relating to the injuries that are the subject of this Action. **Attached is a copy of the MSA Trust.**

**-OR-**

iii. _____I have not sought treatment for the injuries alleged in this Action and, as such, there are no medical expenses relating to the injuries alleged in this Action. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the amount of proceeds from the settlement or the judgment in this Action to pay for any medical expenses relating to such injuries.

I affirm under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: _____, 2024
        New York, New York

                                         _____
                                         Faith Miller-Sethi